DOCKET NO. 701

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE BRADFORD TRUST COMPANY SECURITIES LITIGATION

TRANSFER ORDER*

This litigation presently consists of 30 actions pending in three districts as follows:[1]/

| | |
|---|---|
| Southern District of Florida | 26 |
| Southern District of New York | 3 |
| Eastern District of Pennsylvania | 1 |

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by Fidata Trust Company New York, formerly known as Bradford Trust Company; Fidata Corporation, formerly known as Bradford National Corporation; and Fidata Securities Management, Inc., formerly known as Bradford Securities Operations, Inc. (all collectively referred to as Bradford) seeking centralization of the actions in this litigation in the Southern District of New York for coordinated or consolidated pretrial proceedings. Many of the parties responding to the motion support transfer but favor selection of the Southern District of Florida as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these 30 actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Florida will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All the actions arise from 1) the collapse of Miami-based E.S.M. Government Securities, Inc. (E.S.M.), a company which was engaged primarily in dealing government securities, and ii) Bradford Trust Company's role as a clearing bank for E.S.M. In each action, claimants against the

---

* Judge Sam C. Pointer, Jr., took no part in the decision of this matter.

1/ The original motion before the Panel also pertained to one additional action which was dismissed prior to the Panel's September 25, 1986 hearing in this docket. Subsequent to the motion, various parties have notified the Panel of the pendency of potentially related actions and/or have requested inclusion of the actions in any Section 1407 proceedings ordered by the Panel. Because these additional actions were not able to be included in the Panel's hearing, they will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

Bradford parties (including former customers of E.S.M., E.S.M.'s court ppointed trustee, and E.S.M.'s former accounting firm) seek to hold ne Bradford parties liable for losses sustained by them on the grounds that Bradford parties knew or should have known of E.S.M.'s misrepresentations to its customers regarding segregation of accounts at Bradford Trust Company, E.S.M.'s insolvency, and E.S.M.'s fraudulent securities transactions. Resolution of these claims will require complex and common discovery. Transfer under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Movants, in arguing in favor of selection of the Southern District of New York as transferee forum, contend that this litigation will focus on the conduct of the Bradford parties, and since Bradford Trust Company cleared transactions for E.S.M. at Bradford Trust Company's offices in New York City, many witnesses and documents will be found in or near the Southern District of New York. We have selected the Southern District of Florida as transferee forum because: 1) we are not persuaded, especially given the counterclaims, third party complaints and fourth party complaints in various of the actions, that discovery in the actions in this docket will not be linked to the pretrial proceedings that have occurred and are occurring in a wide array of E.S.M. related litigation already pending in the Southern District of Florida; 2) Judge Jose A. Gonzalez, Jr., to whom we are assigning this litigation, has already gained great familiarity with he complex background of this litigation through his role in civil, riminal and bankruptcy proceedings involving E.S.M. and related parties in the Southern District of Florida; 3) 26 of the 30 actions are already pending in the Southern District of Florida; and 4) E.S.M. and E.S.M.'s former accounting firm are located in the Southern District of Florida, and relevant witnesses and records can be expected to be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Southern District of Florida be, and the same hereby are, transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Jose A. Gonzalez, Jr., for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-701 -- In re Bradford Trust Company Securities Litigation

### Southern District of New York

City of Tamarac, Florida v. Bradford Trust Co., et al., C.A.
No. 85 Civ. 3167
County of Dauphin, Pa. v. Bradford Trust Co., C.A. No. 85
Civ. 2220
Connie J. Harris, etc., et al. v. Fidata Trust Company of New
York, et al., C.A. No. 86 Civ. 3096

### Eastern District of Pennsylvania

City of Allentown v. Fidata Trust Co., C.A. No. 86-0787

### Southern District of Florida

City of Pompano Beach, Florida v. Fidata Trust Co New York,
C.A. No. 86-6049-CIV-GONZALEZ
Board of Education, Memphis City Schools v. Fidata Trust
Company, New York, C.A. No. 86-6013-CIV-GONZALEZ
City of Beaumont, Texas v. Fidata Corp., et al., C.A. No.
86-6012-CIV-GONZALEZ
Clark County, Nevada v. Fidata Corp., et al., C.A. No.
86-6158-CIV-GONZALEZ
City of Toledo, Ohio v. Fidata Corp., et al., C.A. No.
86-6156-CIV-GONZALEZ
United Savings of America, F.A. v. Fidata Trust Company of
New York, C.A. No. 86-6451-CIV-GONZALEZ
In re E.S.M. Government Securities, Inc., etc., et al. v.
Fidata Trust Company of New York, C.A. No. 85-6865-CIV-
GONZALEZ
Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
No. 85-0763-CIV-GONZALEZ
Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
No. 85-3319-CIV-GONZALEZ
Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
No. 85-6219-CIV-GONZALEZ
Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
No. 85-6224-CIV-GONZALEZ
Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
No. 85-6236-CIV-GONZALEZ
Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
No. 85-6270-CIV-GONZALEZ

MDL-701 (continued on next page)

## Southern District of Florida

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 85-6280-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 85-6296-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 85-6369-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 85-6393-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 85-6560-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 85-6570-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 85-6592-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 85-6677-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 86-6816-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 86-6056-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 86-6097-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 86-6108-CIV-GONZALEZ

Grant Thornton, etc. v. Ronnie R. Ewton, et al. v. Fidata
   Corporation, etc., et al. v. Ronnie R. Ewton, et al., C.A.
   No. 86-6226-CIV-GONZALEZ